■ HERBERT MAYER, Respondent, v. UNION INDUSTRIES, INCORPORATED, et al., Appellants.— Appeal from a judgment, entered after trial before an Official Referee, in favor of respondent. The action is by the purchaser at an auction sale of certain real property in Westchester County to rescind the contract of purchase and sale and to recover damages, by reason of certain alleged fraudulent representations. The seller, Union Industries, Incorporated, interposed counterclaims to compel specific performance and to recover damages. The broker-auctioneer, Fred Berger Co., Inc., interposed a counterclaim for its commission. Judgment insofar as it is in favor of respondent against appellant Union Industries, Incorporated, reversed on the law and the facts, with costs to said appellant, and complaint dismissed, with costs, action severed and remitted to the Special Term for the purpose of determining the damages, if any, sustained by said appellant by reason of respondent's wrongful attempted rescission of the contract, and, upon such determination, judgment is directed to be entered in favor of said appellant upon its counterclaims directing respondent to specifically perform the contract and to pay said appellant the amount of its damages, if any, as so determined. The findings with respect to fraud on the part of the appellants and with respect to respondent's reliance on the claimed statements or representations, are reversed and new findings are made to the effect that such statements or representations were not made fraudulently or with the intent to deceive, that respondent did not rely upon them and that respondent was not misled or deceived by them. Judgment, insofar as it is in favor of respondent against appellant Fred Berger Co., Inc., unanimously affirmed, without costs. In our opinion the evidence supports neither the finding that the claimed statements or representations were fraudulent, nor the finding that the respondent relied on them to his detriment. Respondent, an attorney, is also a successful businessman, with considerable experience in business matters. Prior to the auction sale he inspected the premises and sent for and read the brochure published by the auctioneer describing the premises. Respondent claims to have been deceived by statements in the brochure and by statements made to him by the president of the appellant seller, to the effect that the plumbing and sewerage systems on the premises were in good working order and to the effect that the City of New Rochelle was then constructing a city sewerage system which would increase the value of the property when the system was completed. The first alleged representation was not false. There is no evidence that the plumbing and sewerage systems were not in good working order when the representation was made. The second representation, however, was technically incorrect. The fact was that the County of Westchester had created a sanitary sewer district which included part of the city of New Rochelle and that the city had provided for an agreement with the county to convey an easement for the construction of a sewer in the vicinity of the premises involved in this action. Preliminary surveys for the construction of the sewer had been made and the city contemplated arrangements for the construction of a lateral sewer in the area to connect with the county sewer. No city sewer, however, was in the process of construction. While the brochure stated that the city sewer was in the course of construction, it also stated that the information contained therein had been obtained from sources deemed reliable and that no responsibility was assumed by the owner or auctioneer with respect to any statement. The brochure specifically cautioned prospective purchasers to check carefully, before the sale, the verity

of all the representations made. At the sale, the terms of sale in the contract were read by the auctioneer; they were also read by respondent's attorney to the respondent before he signed the contract. In the said terms, it was clearly stated: (1) that " The owner does not make any representation as to the condition of the * * * premises and the purchaser agrees to take title to the premises in their present condition 'as is'"; (2) that the provisions of the contract contained the entire agreement between the parties, and (3) that no representations had been made by either party to the other. It was on the basis of these contractual stipulations that respondent purchased the premises. Insofar as the representation with respect to the city sewer is concerned, the evidence does not support the finding that it was made fraudulently or that it was anything more than an innocent misrepresentation of fact. We need not decide whether, under such circumstances, the innocent misrepresentation was sufficient to vitiate the transaction (cf. *Lockwood* v. *Christakos*, 181 F. 2d 805, 807, and cases there cited). In any event, the finding that respondent relied on either one of the claimed representations in purchasing the premises is contrary to the evidence. The evidence clearly indicates that he did not rely on them. He was careful to make a personal inspection of the premises before the sale. The matters or the conditions as to which the representations related, were visible and physical facts. As an attorney and as an experienced businessman he surely comprehended the contractual terms of sale, which he had read personally and which his attorney and the auctioneer had read to him prior to the sale. He did not expect the sewer construction to be completed for several years. Upon the consummation of the sale, and despite his dissatisfaction with the premises, he apparently did not inquire or attempt to discover the exact facts with respect to the sewer until a considerable time after he had written a letter purporting to rescind his contract of purchase on other grounds—one of which concededly was untenable. Under all the circumstances it is impossible to say that he was deceived or misled by either one of the claimed statements or representations. Nolan, P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Beldock, J., concurs in result.